UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RODNEY PATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:04-CV-231 |
| v. | ) |
| | ) Edgar / Lee |
| JOHN A. CUPP, JR., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

Pending before the Court are: (1) defendants' motion to quash the deposition of their counsel, R. Dee Hobbs ("Hobbs"), pursuant to Fed. R. Civ. P. 26(b)(2) [Doc. No. 28]; and (2) defendants' motion to quash or, in the alternative for a protective order, with respect to the depositions of Ron Gilbert, Amos Frazier, Terri Rogers, Buddy Rogers, Mark Kimsey, Lynn Triplett, Denise Hamby, Lynda Bird, Bobby Weeks, and Tommy Turner under Fed. R. Civ. P. 26(b)(2) and (c) [Doc. No. 33] as amended to include the income tax returns of defendant David Hamby [Doc. No. 41].

*A. Defendants' Motion to Quash the Deposition of Hobbs*

A hearing on the defendants' motion to quash the deposition of Hobbs was held on October 21, 2005. Present at the hearing were: (1) plaintiff's attorney, Michelle Benjamin ("Benjamin"); (2) defendants' attorneys, Hobbs, Mary Neill Southerland ("Southerland"), and Rheubin M. Taylor ("Taylor"); (3) attorney Christine Mabe Scott; and (4) defendants David Hamby (Hamby") and Thomas Farmer ("Farmer"). The parties agreed Taylor would make a limited appearance and speak for the defendants even though he has not entered an appearance in this action.

At the hearing, the parties, through counsel, agreed plaintiff had requested, but not yet issued

a subpoena for, the deposition of Hobbs. Benjamin stated she intended to take Hobbs' deposition, but was not seeking his withdrawal as counsel for defendants. The parties agreed to attempt to resolve the motion to quash Hobbs' deposition by stipulating to the facts that allegedly form the basis for plaintiff's request to depose Hobbs, subject to a reservation by the defendants of their position that any such stipulated facts are not admissible at the trial. It was further agreed that if stipulations were reached and filed, plaintiff would not seek to take Hobbs' deposition and the motion to quash the deposition of Hobbs would be moot.

On October 26, 2005, the parties filed a stipulation of fact concerning one portion of Hobbs' anticipated testimony [Doc. No. 42]. A further hearing, which is described in detail *infra*, was held on October 31, 2005. At that hearing, the parties, again through counsel, advised they had reached agreement on an additional stipulation of fact concerning the anticipated testimony of Hobbs. The parties were given until November 4, 2005, to file any additional stipulation of fact. Subsequently, the parties filed two additional stipulations of fact [Doc. Nos. 47, 48]. As a result of the stipulations of fact, plaintiff no longer seeks to take Hobbs' deposition.

Accordingly, based upon the agreement of the parties and corresponding stipulations [Doc. Nos. 42, 47, 48], the defendants' motion to quash the deposition of Hobbs [Doc. No. 28] will be **STRICKEN** as **MOOT**.

*B. Defendants' Motion, as Amended to Quash Depositions or for a Protective Order*

On October 31, 2005, a hearing on the motion to quash or in the alternative for a protective order concerning the apparently anticipated depositions of Ron Gilbert, Amos Frazier, Terri Rogers, Buddy Rogers, Mark Kimsey, Lynn Triplett, Denise Hamby, Lynda Bird, Bobby Weeks, and Tommy Turner was held. Present at the hearing were: (1) plaintiff's attorney, Benjamin; (2)

defendants' attorneys Hobbs, Southerland, and Taylor; (3) attorney Bob E. Lype ("Lype") for defendant David Hamby in his individual capacity; (4) plaintiff Rodney Patton; (5) and defendants Farmer, Hamby, and James Swafford.

At the outset of the hearing, Benjamin informed the Court she and Lype had resolved all issues concerning the amendment to the motion to quash plaintiff's request for defendant Hamby's financial information, such as income tax records. Therefore, based on the agreement of the parties, defendants' amended motion to quash [Doc. No. 41] will be **STRICKEN** as **MOOT**.

Benjamin also informed the Court that plaintiff had not issued subpoenas or even decided whether to attempt to take the deposition of any of the individuals named in defendants' motion to quash [Doc. No. 33], in part because of the limitation on the number of depositions that can be taken without leave of court pursuant to Fed. R. Civ. P. 30(a)(2)(A) . The Court will not issue an anticipatory ruling with respect to this portion of the motion to quash under the circumstances. If and when the depositions are sought by plaintiff, an appropriate motion may be filed if the parties are unable to reach agreement after engaging in an effort to do so.

The motion raises issues with respect to a deposition and request for documents directed to Carole Miller ("Miller") in her capacity as records custodian for the Hamilton County Sheriff's Department and a deposition of defendant Hamby, both of which are in the process of being rescheduled. Counsel for the defendants stated there was no dispute with regard to plaintiff's right to take the deposition of Hamby, but attempts to reschedule the deposition had not been successful. The parties agreed the deposition of Hamby would be rescheduled, and that defendants would not object to the deposition being taken after the expiration of the discovery period, which ends on

3

October 31, 2005 under the current scheduling order [Doc. No. 11].[1]

With regard to the Miller deposition, the parties again agreed the deposition of Miller would be rescheduled, and that defendants would not object to the deposition being taken after the expiration of the discovery period. The parties did not file a copy of any deposition notice or subpoena concerning Miller's deposition. However, the defendants did include a copy of their "Response to Plaintiff's Exhibit A to Notice of Deposition Items to be Produced by Carole Miller," which was filed as Exhibit B to the memorandum in support of their motion to quash [Doc. No. 34]. Based on the response, plaintiff apparently seeks production of, among other things, disciplinary files and internal affairs files from Miller as records custodian.

According to defendants' counsel, Miller is not the custodian of many of the requested records, such as internal affairs files, and thus would not be in a position to produce the requested records. Plaintiff did not dispute the defendants' position with respect to records not in the control or custody of Miller during the hearing. Therefore, I will not address whether such records, if requested from someone other than Miller, are subject to discovery. I will, however, remind the parties of their obligations under Fed. R. Civ. P. 37(a)(2)(A) to meet and confer with a party not making a disclosure in an effort to secure the discovery prior to seeking court action to compel discovery.

Defendants objected to the plaintiff's request for disciplinary files from Miller on the grounds the request was overly broad, burdensome and sought irrelevant documents because the

---

[1] Plaintiff currently has pending a motion to extend the discovery deadline up to and including December 15, 2005 [Doc. No. 45]. As of the date of this memorandum and accompanying order, no action on plaintiff's motion to extend the discovery deadline has been taken because the time for defendants to respond to plaintiff's motion has not yet run.

4

request for documents was not limited to the time period of the administration of defendant John A. Cupp. Jr. ("Cupp"), the sheriff involved in the employment action that forms the basis of plaintiff's complaint, and because the request sought disciplinary records involving individuals who were not similarly situated to plaintiff. Plaintiff asserts he is not seeking the disciplinary records on the basis that the records involved individuals similarly situated, but instead is seeking such records because Cupp testified the polices and procedures of the department were always enforced without exception and the requested files are allegedly likely to prove otherwise or, at least be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Further, plaintiff agreed to limit his request for disciplinary files to the period of time involving Cupp's administration, which the parties agreed was from September 1, 1992 through the present. Plaintiff further struck any request for "personnel" files. Considering these limitations and modifications of the document request, I find defendants have not demonstrated the request is overly broad or burdensome and it appears the request satisfies the requirements of Fed. R. Civ. P. 26(b)(1) in that the requested documents may "lead to the discovery of admissible evidence" under the circumstances.

In addition, defendants stated they also were concerned about the production of documents containing confidential information without a protective order limiting the use and dissemination of such documents. The parties were given until November 4, 2005, to submit a proposed agreed protective order and a joint motion for the entry of such a protective order. If the parties do not agree on the terms of a proposed protective order, they may file their own proposed protective orders for consideration.

Accordingly, the court will **GRANT IN PART AND DENY IN PART** the defendants' motion to quash [Doc. No. 33] as follows: (1) to the extent defendants' motion seeks to quash the

plaintiff's request for personnel files, the motion will be **GRANTED** based upon the representation plaintiff did not intend to seek personnel files; (2) to the extent defendants' motion seeks to quash plaintiff's request for records for a time period *prior* to September 1, 1992, the motion will be **GRANTED** based upon the representation plaintiff did not intend to seek such records; and (3) to the extent defendants' motion seeks to quash the plaintiff's request for disciplinary records for the time period from September 1, 1992 to the present, the motion will be **DENIED**.

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE